IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                                               Crim. No. 22-cr-1724-KG

JERROLD ALBERT CHAVARRIA and
JERRY ANTOCIO ROMERO,

    Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before this Court on United States' Notice of Appeal and Motion to Stay Order granting Motion to Reconsider Detention (hereinafter "the Motion"). (Doc. 77).

Considering the rationale of Judge Wormuth in his Order issuing the stay on defendant's release for 14 days, this Court grants the Motion to Stay the Release Order pending the briefing and resolution of this matter. *Id.*

I.   *Background*

The United States first filed an Indictment against Mr. Chavarria and Mr. Romero on October 25, 2022, charging one count of kidnapping, as well as one count of aiding and abetting, in violation of 18 U.S.C. § 1201(a)(1) and 18 U.S.C. § 2 respectively. (Doc. 2). On February 22, 2023, the United States brought its First Superseding Indictment, charging one count of kidnapping resulting in death, in violation of 18 U.S.C. §§ 1201(a)(1), and one count of aiding and abetting, in violation of 18 U.S.C. § 2. (Doc. 33).

1

This Court granted defendants' Motion to Dismiss the Indictment (Doc. 37) on June 5, 2023, in an Order (Doc. 50) currently on appeal before the Tenth Circuit (Doc. 58). On August 29, 2023, after briefing and a hearing, Chief Magistrate Judge Wormuth granted defendant Chavarria's Motion to Reconsider (Doc. 70) the Detention Order (Doc. 16) but stayed defendant's release for 14 days to permit the United States to file an appeal "or permit the state prosecutors to reinstate state criminal charges." (Doc. 76) at 4.

In the Order, Judge Wormuth concluded that 18 U.S.C. § "3142 only expressly authorizes detention … 'of persons charged with an offense.'" *Id.* at 3 (quoting 18 U.S.C. § 3142 (a)). As "the order of dismissal dismissed the only charge against defendant Chavarria, he no longer falls into that category." *Id.* As such, 18 U.S.C. § 3142 does not apply.

Judge Wormuth also noted that in three out of four cases addressing the issue at bar ("conditions of release or detention pending dismissal of all federal charges faced by a defendant while the government pursued an appeal"), the court "explicitly held that detention was not authorized under the statute if no charges remained after a district court ruling." *Id.* at 3 (citing *United States v. Arteaga-Centeno*, 360 F.Supp.3d 1022 (N.D. Cal 2019); *United States v. Hudson,* 3 F.Supp.3d 772, 788-91 (C.D. Cal 2014); *United States v. Sales*, Case No. 2:13-cr-137-NT, 2014 WL 3728364 at *3-*4 (D. Me. July 25, 2014) (unpublished opinion); *but cf. United States v. Sambasivam*, Case No. 2:22-cr-163-02, 2023 WL 4980932 (S.D.W.V. August 3, 2023) (however, as noted by Judge Wormuth, "the defendant was on conditions of release and was seeking, post-dismissal and pending appeal, a removal of the bar on his international travel") (unpublished opinion)). Based on the statutory text, Judge Wormuth was "persuaded that detention pending appeal of a complete dismissal of charges is not authorized for essentially the same reasons expressed in *Arteaga-Centeno*, *Sales*, and *Hudson*." *Id.* Judge Wormuth

concluded that there was "no choice but to grant Defendant Chavarria's motion and order his release." *Id.*

However, "given the uniqueness of the legal question and the fact that the 3142 factors would otherwise warrant detention, [Judge Wormuth stayed Chavarria's] release for 14 days." *Id.* at 4. Although "this stay is long given the immediate lack of criminal charges against Defendant Chavarria, [Judge Wormuth] concluded that it is appropriate given the fact that he was facing state charges until the federal indictment was brought, that he was detained on those charges, and that the dismissal of the federal indictment is premised on his argument that the alleged crime must be prosecuted by the state." *Id.*

On the same day Judge Wormuth granted defendant Chavarria's Motion to Reconsider the Detention Order, August 29, 2023, the United States filed a Notice of Appeal and Motion to Stay Judge Wormuth's Order granting Motion to Reconsider Detention ("the Motion"). (Doc. 77). This Court considers this Motion now.

II. *Discussion*

In the Motion, the United States provides notice that it "appeals to the United States District Court for the District of New Mexico from the Order Granting Motion to Reconsider Detention entered on August 29, 2023." *Id.* at 1. The United States also "moves this Court for an Order staying release of Defendant upon the expiration of the 14-day stay described in said Order for the pendency of this appeal to the District Court." *Id.* In addition, in the Motion, the United States indicates that "it will file a brief within 14 days." *Id.* Because this Court will issue an Order shortly thereafter, and further based on the reasoning for the stay discussed by Judge Wormuth in the Order Granting Motion to Reconsider Detention, as discussed herein, this Court

3

grants the United States' Motion to stay "the release order pending the briefing and resolution of this matter." *Id.*; *see also* (Doc. 76).

III.   *Conclusion*

This Court grants the United States' Motion to stay "the release order [(Doc. 76)] pending the briefing and resolution of this matter." (Doc. 77).

IT IS SO ORDERED.

                                                      UNITED STATES DISTRICT JUDGE