IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

     Plaintiff,

vs.                                   Crim. No. 22-cr-1724-KG

JERROLD ALBERT CHAVARRIA and
JERRY ANTOCIO ROMERO,

     Defendants.

MEMORANDUM OPINION AND ORDER

THIS MATTER comes before this Court on United States' Appeal of Order (Doc. 76) granting Motion to Reconsider Detention (hereinafter "the Appeal"). (Doc. 79).

The explicit text of 18 U.S.C. § 3142(a) requires that the person whom the government urges be detained be "charged with an offense," and this Court granted defendants' Motion to Dismiss the Indictment (Doc. 37) on June 5, 2023. (Doc. 50). Hence, defendants currently are not "charged with an offense" and 18 U.S.C. § 3142 does not authorize detention in the circumstance at bar. 18 U.S.C. § 3142(a). As such, defendant Chavarria's Motion to Reconsider (Doc. 70) the Detention Order (Doc. 16) was granted properly in Judge Wormuth's Order, (Doc. 76), which is affirmed herein. *See id.* The order of release applies only to defendant Chavarria as defendant Romero did not file a motion for reconsideration of the detention order. The issue of Romero's detention is not properly before this Court.

I.    *Background*

The United States first filed an Indictment against Mr. Chavarria and Mr. Romero on October 25, 2022, charging one count of kidnapping, as well as one count of aiding and abetting,

in violation of 18 U.S.C. § 1201(a)(1) and 18 U.S.C. § 2 respectively.  (Doc. 2).  On February

22, 2023, the United States brought its First Superseding Indictment, charging one count of

kidnapping resulting in death, in violation of 18 U.S.C. §§ 1201(a)(1), and one count of aiding

and abetting, in violation of 18 U.S.C. § 2.  (Doc. 33).

        This Court granted defendants' Motion to Dismiss the Indictment (Doc. 37) on June 5,

2023, in an Order (Doc. 50) currently on appeal before the Tenth Circuit (Doc. 58).  On August

29, 2023, after briefing and a hearing, Chief Magistrate Judge Wormuth granted defendant

Chavarria's Motion to Reconsider (Doc. 70) the Detention Order (Doc. 16) but stayed

defendant's release for 14 days to permit the United States to file an appeal "or permit the state

prosecutors to reinstate state criminal charges." (Doc. 76) at 4.

        In the Order, Judge Wormuth concluded that 18 U.S.C. § "3142 only expressly authorizes

detention … 'of persons charged with an offense.'"  *Id.* at 3 (quoting 18 U.S.C. § 3142 (a)).  As

"the order of dismissal dismissed the only charge against defendant Chavarria, he no longer falls

into that category." *Id.*

        Judge Wormuth also noted that in three out of four cases addressing the issue at bar

("conditions of release or detention pending dismissal of all federal charges faced by a defendant

while the government pursued an appeal"), the court "explicitly held that detention was not

authorized under the statute if no charges remained after a district court ruling." *Id.* at 3 (citing

*United States v. Arteaga-Centeno*, 360 F.Supp.3d 1022 (N.D. Cal 2019); *United States v.*

*Hudson,* 3 F.Supp.3d 772, 788-91 (C.D. Cal 2014) (*reversed on other grounds*, *United States v.*

*Dunlap*, Case No. 14-50129, No. 14-50285, 2014 WL 6807733 at **1, 2014 U.S. App. LEXIS

22855, 593 Fed. Appx. 619, 620 (9th Cir. December 4, 2014) ("the district court erred in

concluding that the government's conduct met the 'extremely high standard' necessary to

2

dismiss an indictment for outrageous government conduct") (unpublished opinion) (citations omitted)); *United States v. Sales*, Case No. 2:13-cr-137-NT, 2014 WL 3728364 at \*3-\*4 (D. Me. July 25, 2014) (unpublished opinion); *but cf. United States v. Sambasivam*, Case No. 2:22-cr-163-02, 2023 WL 4980932 (S.D.W.V. August 3, 2023) (however, as noted by Judge Wormuth, "the defendant was on conditions of release and was seeking, post-dismissal and pending appeal, a removal of the bar on his international travel") (unpublished opinion)).  Based on the statutory text, Judge Wormuth was "persuaded that detention pending appeal of a complete dismissal of charges is not authorized for essentially the same reasons expressed in *Arteaga-Centeno*, *Sales*, and *Hudson*."  *Id*.  Judge Wormuth concluded that there was "no choice but to grant Defendant Chavarria's motion and order his release."  *Id*.

However, "given the uniqueness of the legal question and the fact that the 3142 factors would otherwise warrant detention, [Judge Wormuth stayed Chavarria's] release for 14 days." *Id*. at 4.  Although "this stay is long given the immediate lack of criminal charges against Defendant Chavarria, [Judge Wormuth] concluded that it is appropriate given the fact that he was facing state charges until the federal indictment was brought, that he was detained on those charges, and that the dismissal of the federal indictment is premised on his argument that the alleged crime must be prosecuted by the state."  *Id*.

On the same day Judge Wormuth granted defendant Chavarria's Motion to Reconsider the Detention Order, August 29, 2023, the United States filed a Notice of Appeal and Motion to Stay Judge Wormuth's Order granting Motion to Reconsider Detention ("the Motion").  (Doc. 77).

This Court granted the United States' Motion to stay (Doc. 77) the release order (Doc. 76) pending resolution of this matter on September 11, 2023.  (Doc. 78).  The United States now

appeals Judge Wromuth's Order (Doc. 76) granting the Motion to Reconsider Detention ("the Appeal"). (Doc. 79). This Court will consider the United States' appeal of Judge Wromuth's Order now herein. *See id.*

II.   *Discussion*

    A.   *Statutory Text*

The Northern District of California Court, after granting a defendant's motion to dismiss the indictment, was faced with a motion for release from custody. *United States v. Arteaga-Centeno*, 360 F.Supp.3d 1022 (N.D. Cal 2019). Before discussing the case law, the court engaged in the following textual statutory analysis, noting that the relevant statutes "provide clear guidance:"

> The Government's appeal of a district court's order in a criminal case is governed by 18 U.S.C. § 3731, which provides that:
>
>> In a criminal case, an appeal by the United States shall lie to a court of appeals from a decision, judgment, or <u>order of the district court dismissing an indictment</u>…

*Id.* (emphasis added).

> Next, 18 U.S.C. § 3143(c) instructs that:
>
>> The judicial officer shall treat a defendant in a case in which an appeal has been taken by the United States under section 3731 of this title in accordance with section 3142 of this title, unless the defendant is otherwise subject to a release or detention order… The judicial officer, in a case in which an appeal has been taken by the United States under section 3742, shall – (1) if the person has been sentenced to a term of imprisonment, order that person detained; and (2) in any other circumstance, release or detain the person under section 3142.

*Id.* So, because the government has filed an appeal under § 3731 by seeking an appeal "from an… order of a district court dismissing an indictment," *id.*, § 3731, under § 3143, the court must treat defendant "in accordance with section 3142." *Id.* § 3143(c).

Section 3142, in turn, states:

> Upon the appearance before a judicial officer of a person charged with an offense, the judicial officer shall issue an order that, pending trial, the person be – (1) released on personal recognizance or upon execution of an unsecured appearance bond, under subsection (b) of this section; (2) released on a condition or combination of conditions under subsection (c) of this section; (3) temporarily detained to permit revocation of conditional release, deportation, or exclusion under subsection (d) of this section; or (4) detained under subsection (e) of this section.

18 U.S.C. § 3142 (a). Subsection (e) instructs a court to "order the detention of the person before trial" if it "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." *Id.* § 3142 (e)(1). In determining whether there are conditions that would insure the person's appearance and community safety, subsection (g) sets forth a number of factors the court should consider. *Id.* § 3142 (g).

There is no doubt that in the mine run of cases when the government appeals a district court order in a criminal matter the defendant may be detained pursuant to the above-described statutory regime. [internal citations omitted]. However, as defendant points out, most of those cases have a key feature that this case lacks, and one that § 3142(a) requires: that the person whom the government urges should be detained have been "charged with an offense," 18 U.S.C. § 3142(a); [citation to the motion omitted].

That distinction matters, defendant urges, because the basis for possible detention under § 3142 is the existence of an indictment to supply such a charged offense, and, here, there is no such indictment upon which detention could be based. [internal citations omitted]

\*\*\*[discussion of *United States v. Hudson,* 3 F.Supp.3d 772, 788-91 (C.D. Cal 2014) omitted, *see infra*, Section II. B. *Caselaw*] \*\*\*

That reasoning [of *Hudson*] applies here. As in *Hudson* and *Sales*, once this Court granted defendant's motion to dismiss, there was no "charged... offense" on which the court could order him detained. *See* 18 U.S.C. § 3142(a); Order granting motion to dismiss. The court therefore must grant defendant's motion for release from custody.

*Id.* at 1023-24.

This Court finds persuasive the textual analysis of the relevant statutes by the Northern District of California Court. *Id.* Specifically, the explicit text of "§ 3142(a) requires that the person whom the government urges should be detained have been 'charged with an offense.'" *Id.* (quoting 18 U.S.C. § 3142(a)); 18 U.S.C. § 3142(a). Because this Court granted defendants' Motion to Dismiss the Indictment (Doc. 37) on June 5, 2023, (Doc. 50), defendant Chavarria currently is not "charged with an offense." 18 U.S.C. § 3142(a). As such, 18 U.S.C. § 3142 does not authorize detention in the circumstance at bar. *See id.* The United States' contention that that *Arteaga-Centeno* was "wrongly decided" is not persuasive. *See* (Doc. 79) at 7; *see also* 360 F.Supp.3d at 1023-24.

B. *Caselaw*

This Court already has discussed and found persuasive the textual analysis of the relevant statutes by the Northern District of California Court, *see supra*, Section II. A. *See Arteaga-Centeno*, 360 F.Supp.3d at 1023-24. The California District Court concluded that once it "granted defendant's motion to dismiss, there was no 'charged… offense' on which the court could order him detained." *Id.* (quoting 18 U.S.C. § 3142(a)) (other citation omitted). The court therefore "grant[ed] defendant's motion for release from custody." *Id.* at 1024. Likewise, here, this Court granted defendants' Motion to Dismiss the Indictment (Doc. 37) on June 5, 2023. (Doc. 50). Hence, here too, there no longer is a "charged… offense" on which this Court can order defendant Chavarria remain detained. *See Arteaga-Centeno*, 360 F.Supp.3d at 1023-24 (quoting 18 U.S.C. § 3142(a)); 18 U.S.C. § 3142(a). Therefore, Judge Wormuth's Order (Doc. 76) granting defendant Chavarria's Motion to Reconsider Detention should be affirmed. Although *Arteaga-Centeno* is not controlling on this Court, the reasoning of the decision is persuasive. *See* 360 F.Supp.3d at 1023-24.

The Northern District of California Court relied in part on another district court case

when concluding the defendant's motion for release should be granted. *See Arteaga-Centeno*,

360 F.Supp.3d at 1023-24 (discussing *United States v. Hudson,* 3 F.Supp.3d 772, 788-91 (C.D.

Cal 2014), *reversed on other grounds*, *United States v. Dunlap*, Case No. 14-50129, No. 14-

50285, 2014 WL 6807733 at **1, 2014 U.S. App. LEXIS 22855, 593 Fed. Appx. 619, 620 (9th

Cir. December 4, 2014) ("the district court erred in concluding that the government's conduct

met the 'extremely high standard' necessary to dismiss an indictment for outrageous government

conduct") (citations omitted) (unpublished opinion)).   In *Hudson*, the court granted a

defendant's motion to dismiss the indictment due to "outrageous government conduct."  3

F.Supp.3d at 775.  After analyzing the "outrageous conduct" and granting the defendant's motion

to dismiss the indictment, without further discussion or analysis, the court added a final sentence

to its order: "[Defendant] shall be RELEASED from custody FORTHWITH barring any other

holds."  *Id*. at 788.  When denying the Government's motion for reconsideration, the court

concluded: "Since there is no longer an operative indictment, there is no possible way for the

court to restrain further [the defendant's] liberty."  *United States v. Dunlap*, 3 F.Supp.3d 772,

789 (C.D. Cal 2014), *reversed on other grounds*, *United States v. Dunlap*, Case No. 14-50129,

No. 14-50285, 2014 WL 6807733 at **1, 2014 U.S. App. LEXIS 22855, 593 Fed. Appx. 619,

620 (9th Cir. December 4, 2014) (unpublished opinion).  The court concluded that although "the

Government presented an extensive discussion of Section 3142, that section – by its very terms –

only applies to 'a person charged with an offense,' [and] when the court dismissed the

indictment, [defendant] was no longer 'charged with an offense.'"  *Id*. at 790 (internal citation to

18 U.S.C. § 3142(a) omitted).  The court noted that it "would run completely afoul of the

Constitution for the court to order that a person sit in jail because at some unknown point in the

7

future an appellate court might reverse the court order that dropped the charges against him." *Id.* The court noted that it "will not simply detain [defendant] because the Government disagrees with the court's order." *Id.* at 791. The court found "that since it dismissed the indictment against [defendant], it lacks the ability to order [defendant's] continued detention ..." *Id.* As such, it denied the Government's motion for reconsideration in its entirety. *Id.* Like the district court in *Arteaga-Centeno*, this Court finds the rationale by the district court in *Hudson* (order of release) and *Dunlap* (order denying motion for reconsideration of order of release) persuasive. *See id.*; *Arteaga-Centeno*, 360 F.Supp.3d at 1023-24.

Similarly, in *Sales*, the court was faced with an appeal from the Government of its order dismissing an indictment and its order of discharge. *United States v. Sales*, Case No. 2:13-cr-137-NT, 2014 U.S. Dist. LEXIS 101504, at *1, 2014 WL 3728364 at *3-*4 (D. Me. July 25, 2014) (unpublished opinion). The court first provided the statutory background, noting the same statutes and clauses discussed already herein, *see supra,* Section II.A. *See* 2022 U.S. Dist. LEXIS 135082, at *3-*5. Next, after concluding the Government had the right to appeal, the court discussed whether the defendant was entitled to release. *Id.* at *7-*15. The court first noted that Section 3142(a) authorizes only the detention of persons charged with an offense, and, as the court had dismissed the indictment, "the defendant no longer fits that description." *Id.* at *7 (quoting 18 U.S.C. § 3142(a)) (footnote omitted). Next, the Court discussed a similar situation in a multi-charge case and noted the conclusion that "a dismissed charge should not be taken into account, even if the government has appealed its dismissal." *Id.* at *10 (quoting *United States v. Szpyt*, No. 2:11-cr-228-GZS, 2013 U.S. Dist. LEXIS 111137, 2013 WL 4039412 (D. Me. August 7, 2013)) (other citations omitted). The court then discussed *Hudson*, which this Court just discussed above, *see supra. Id.* at *10-*12 (citations omitted). After discussing the

noted case law, the court in *Sales* agreed "with both the Central District of California [in *Hudson*] and Judge Rich [in *Szpyt*]." *Id.* at *12-*13. The court concluded that when "properly interpreted, Section 3142 does not allow the Government to detain an individual who is not 'charged with an offense.'" *Id.* at *13 (quoting 18 U.S.C. § 3142) (other citations and footnote omitted).

The only other case discussed by Judge Wormuth as relevant to this matter can be distinguished as the defendant "was released on bond at the outset of the prosecution against him [and was urging] the court to relieve him of the bond conditions." *See United States v. Sambasivam*, Case No. 2:22-cr-163-02, 2022 U.S. Dist. LEXIS 135082, at *2-*3, 2023 WL 4980932 (S.D. W.Va. August 3, 2023); *see also United States v. Sambasivam*, Case No. 2:22-cr-163-02, 2022 U.S. Dist. LEXIS 211561, at *2-*3, 2022 WL 17102349 (S.D. W.Va. Nov. 22, 2022) (unpublished opinion).

Having reviewed the explicit text of the statute as well as relevant case law, this Court concludes that once a court dismisses an indictment and a defendant no longer is charged with an offense, Section 3142 no longer authorizes detention. *See* 18 U.S.C. § 3142(a). As such, there is no authorization for continued detention of a defendant when Section 3142 alone is relied upon to authorize continued restriction of liberty.

Based on the analysis discussed herein, this Court concludes that because defendant Chavarria no longer is charged with an offense, he must be released. 18 U.S.C. § 3142(a).

*C. United States' Appeal*

In the United States' appeal, the Government contends that "there is no condition or set of conditions that will guarantee defendant's appearance at future judicial proceedings and the safety of the community." (Doc. 79) at 1. However, regarding future judicial proceedings, the

jury trial against defendant Chavarria has been vacated.  (Doc. 51).  Therefore, there are no

"future judicial proceedings" at which defendant's appearance must be guaranteed.  Regarding

public safety, although the Government argues "the Section 3142(g) factors still counsel in favor

of detention," Section 3142 only authorizes detention of persons "charged with an offense."

(Doc. 79) at 1, 9-12; 18 U.S.C. § 3142(a).  What hypothetically would be the case if this section

authorized detention is not persuasive regarding further detention of defendant Chavarria now.

Similarly, the United States' discussion of the law regarding pretrial detention is not very

persuasive given the fact that there is no pending trial (Doc. 51), nor a pending indictment (Doc.

50).  *See* (Doc. 79) at 4-5.

      The United States contends that because it has appealed this Court's dismissal of the

superseding indictment, there remains a charge pending against defendants.  *Id*. at 5.  The United

States offers no statute or case law supporting its contention that an appeal nullifies the effect of

this Court's order.  Although the case remains open, there is no pending charge against

defendants.  *See* (Doc. 50).  The United States also argues that the relevant statutes grant this

Court with authority to detain defendants pending appeal, but this Court already has discussed

the explicit text of said statutes above, *see supra,* Section II. A-B.  *See* (Doc. 79) at 5-9

(discussing 18 U.S.C. §§ 3173, 3142, 3143).

      Specifically, although "Section 3143(c) directly speaks to release or detention pending

appeal by the government under Section 3173," it does not authorize detention, but as noted by

the United States, "directs the Court to treat release or detention in accordance with the

provisions of Section 3142." *Id*. at 5 (discussing 18 U.S.C. §§ 3173, 3142, 3143).  Once a court

directs its attention to Section 3142, per the explicit text of the statute, if pending appeal by the

government the defendant nevertheless still is "charged with an offense," such as when only

some and not all the charges have been dismissed, or when the government appeals suppression

of some evidence, the court then will apply Section 3142 and make the appropriate findings and

conclusions, and issue appropriate orders. *See* 18 U.S.C. § 3142(a). However, if instead, a court

directs its attention to Section 3142 and discovers that it does not apply because the defendant no

longer is "charged with an offense," the court's authority to detain a defendant cannot be found

therein. *See* 18 U.S.C. § 3142(a).

The United States argues that many "courts that have commented on Section 3143(c)

have found the language to be clear," but cites incorrectly without listing the court, to a

purported dissenting opinion in an *en banc* decision with a citation that leads to a different case.

(Doc. 79) at 6 (purportedly citing "*United States v. Davis*, 743 F.3d 712, 729 n.5 (2015)") (other

citations omitted)). Furthermore, even if the cited case was on point and the opinion quoted was

the majority opinion, it nevertheless does not support detention of defendant Chavarria here as it

only indicates that the district court should treat the defendant as if the case were still active, and

indeed, the case at bar is still active. *Id.* The United States also cites a case in which the district

court found that "it is probable that the Court of Appeals will reinstate the dismissed charges,"

which this Court does *not* find herein; and, instead, concludes distinguishes the cited case. *Id.* at

6 (quoting *United States v. Aileman*, 165 F.R.D. 571, 597 n.33 (N.D. Cal. 1996)) (other citations

and footnote omitted). Finally, although the United States correctly indicates that in the third

case it relies on for this argument the court dismissed a one-count indictment and "maintained

pre-trial conditions," the next two words are very important and were omitted: in *United States v.*

*McMichael*, the court did indeed dismiss a one-count indictment, but what it maintained was "the

United States Magistrate Judge's Order imposing conditions *of release*…" *Id.* at 6-7 (quoting

*United States v. McMichael*, 350 F.Supp.3d 647, 662, 2018 WL 6722793 at **11 (W.D. Mich.

October 5, 2018)) (other citations and footnote omitted) (emphasis added).  This Court notes that although the question of a court's authority to maintain conditions of release after dismissing an indictment bears some relevance to the issue at bar, this Court is faced with the issue of detention, so a case in which the defendant was released already is distinguishable, and also, in this circumstance, not persuasive.  *See McMichael*, 350 F.Supp.3d at 662, 2018 WL 6722793, at **11.

The United States argues that the relevant statutes do not support a distinction between single-count indictments and multi-count indictments, but this Court disagrees as applied to this matter at bar.  (Doc. 79) at 7.  As noted already, the very first clause of 18 U.S.C. § 3142 indicates explicitly that it applies to persons "charged with an offense."  18 U.S.C. § 3142(a).  It is the statute itself, in its explicit text, that distinguishes between persons charged with an offense and persons who are not.  *See id.*  The application of the statute to the circumstance where one count is dismissed will have different results based on whether the defendant had one, or more than one, count in the indictment.  It is the application of the statute to different facts that yields different results.

The United States also argues that because it will not need to refile any charges if in the future the Tenth Circuit disagrees with this Court's dismissal of the indictment, such demonstrates "that there is a charge on which to hold the defendant."  (Doc. 79) at 8 (citation omitted).  However, again, this Court disagrees.  The United States appears to misapprehend what will happen if the Tenth Circuit disagrees with this Court's dismissal of the indictment, which is, this Court's Order dismissing the indictment would be vacated, and as such, the indictment would be dismissed no longer.  Until then, there is no charge on which to hold

defendant Chavarria, yet the case remains open pending resolution of the appeal to the Tenth Circuit.

Finally, the United States urges this Court consider *United States v. Shareef.* (Doc. 79) at 8-9 (discussing 907 F.Supp. 1482 (D. Kan. 1995), *reversed on other grounds*, 100 F.3d 1491 (9th Cir. 1996) (reversing suppression of evidence)). First, this Court notes that *Shareef* is distinguishable as the district court had suppressed all the Government's evidence, it did not dismiss the indictment. Therefore, technically, the defendant in *Shareef* still was charged with an offense, unlike defendants here. However, even if the United States is correct and "the suppression of all the government's evidence… is the functional equivalent of the dismissal of an indictment," this Court nevertheless declines the invitation to look for guidance in *Shareef. See* (Doc. 79) at 8-9 (discussing *Shareef*, 907 F.Supp. 1482). This Court finds the textual analysis and the analysis from the other caselaw already discussed herein much more persuasive.

III.    *Conclusion*

This Court is not persuaded by **the United States' appeal, (Doc. 79)**, which **is DENIED**.

**Judge Wormuth's Order (Doc. 76)** granting Chavarria's Motion to Reconsider (Doc. 70) the Detention Order (Doc. 16) **is AFFIRMED** and the stay on its implementation is lifted.

A copy of this Order shall be sent to the United States Marshalls Service, directing release of defendant Chavarria.

IT IS SO ORDERED.

UNITED STATES DISTRICT JUDGE